UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLERKNOLL, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SOHNNE, INC., et al.,<br><br>Defendants. | Case No. 25-cv-03320-TLT   (KAW)<br><br>**ORDER SETTING HEARING ON MOTION TO SET ASIDE ENTRY OF DEFAULT; VACATING HEARING ON MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 22, 34 |

On July 25, 2025, Plaintiffs filed a motion for default judgment. (Dkt. No. 22.) After the motion was referred to this Court, the Court set it for hearing on September 18, 2025. (*See* Dkt. Nos. 23, 24.) Since then, Defendants -- represented by counsel -- have appeared in the case, filing a motion to set aside entry of default. (Dkt. Nos. 30-34.) The motion to set aside entry of default was also referred to this Court. (Dkt. No. 36.)

The Court SETS the motion to set aside entry of default for hearing on **October 2, 2025** at **1:30 p.m.** The Court VACATES the September 18, 2025 hearing on the motion for default judgment, to be reset if necessary. All briefing deadlines remain in effect.

In the meantime, the Court notes that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Thus, courts have granted motions to set aside entry of default even when the defendants knew of the lawsuit but deliberately failed to appear. *See Ferrara Candy Co. v. 3615 Mkt. LLC*, No. 24-cv-7486-RFL, 2025 U.S. Dist. LEXIS 162116, at *3-4 (N.D. Cal. June 30, 2025) (granting motion to set aside where there was evidence that the defendant attempted to evade service and made misrepresentations to the court, but there was no evidence of specific prejudice); *Hutchings v. Snell & Co., LLC*, No. 09-cv-4680-JCS, 2010 U.S.

1  Dist. LEXIS 48181, at *16 (N.D. Cal. Apr. 23, 2010) (granting motion to set aside where the
2  defendant was aware he was served with the case but failed to answer); *Harvey v. Peter Lang*
3  *Publ'g, Inc.*, No. 09-cv-1391-JSW, 2009 U.S. Dist. LEXIS 64782, at *4-5 (N.D. Cal. July 9, 2009)
4  (granting motion to set aside where the defendants failed to file an answer because they believed
5  they were engaged in informal settlement discussions with the plaintiff).  In light of this strong
6  preference for resolving cases on their merits and the high bar for denying a motion for entry of
7  default, the Court encourages the parties to preserve the Court's limited judicial resources by
8  meeting and conferring regarding a stipulation to set aside entry of default.

   IT IS SO ORDERED.

Dated: August 28, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge